UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

TONY T. CLARK,

    Plaintiff,

V.

WARDEN ORMOND, et al.,

    Defendants.

Civil No. 6: 16-246-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Tony T. Clark has filed a complaint asserting civil rights claims against federal officials pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [R. 1] The Court must conduct a preliminary review of Clark's complaint because he has been granted permission to pay the filing fee in installments and because he asserts claims against government officials. 28 U.S.C. §§ 1915(e)(2), 1915A; *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

**I**

Clark alleges that on January 5, 2016, Lt. Sturgill issued an Incident Report charging him with refusing to obey a direct order earlier that day. When Sturgill told Clark to sign the Incident Report to acknowledge receipt of it, Clark refused claiming that the charge was "bogus." The two exchanged words, resulting in Clark being placed against the wall and handcuffed. Officers removed a digital music player and headphones from Clark's person, and he was placed in segregation. [R. 1-1 at 2-3] Clark indicates that his digital music player, headphones, and a "homemade hat" were then given to Officer Garland, the property officer on duty at the time. [R. 1-1 at 3-4]

Lt. Mullins and another officer then directed Clark to remove the shoes, sweat pants and sweat shirt he had been wearing so that they could be replaced with clothes given to new arrivals in segregation. Clark believed those would be ordinary cotton clothing, but was informed the new warden required recent arrivals to segregation to wear clothes made of paper for the first week. Clark protested and refused to change clothing, even when advised that a use-of-force team would be brought in if necessary to enforce compliance. Further efforts by officers to convince Clark to voluntarily comply fell on deaf ears. When the six or seven man use-of-force team entered his cell, Clark attempted to fight them off, but was quickly subdued. Clark indicates that Lt. Mullins and others then placed him in restraints and cut his sweat pants with scissors to remove them from his body. [R. 1-1 at 4-6]

Clark alleges that at the UDC hearing, Counselor Day stated that he would punish Clark by taking his digital music player. [R. 1-1 at 6] Clark was released from segregation on February 19, 2016. However, he indicates that his digital music player, headphones, homemade hat, sweat pants, sweat shirt, and athletic shoes were missing from his property upon his return. [R. 1-1 at 7]

Finally, Clark states without explanation that unidentified staff members have instigated false rumors about him for filing grievances, which has placed him at risk and caused him to be placed in protective custody in segregation. [R. 1-1 at 8] He further states that staff members have "played with" his food, which he asserts a "religious meal." [R. 1-1 at 9] Documents filed by Clark suggest that he is a follower of the Moorish Science Temple of America.[1] [R. 1-1 at 7]

---

[1] Seven months after Clark filed his complaint in this case, he filed with the Court a document purporting to be a handwritten grievance filed in lieu of a formal BP-229. [R. 15] However, the substance of that grievance relates to a distinct set of events occurring on and after February 24, 2016, and which form the basis for a separate lawsuit Clark filed shortly after this one. See *Clark v. United States*, No. 6: 16-CV-252-GFVT (E.D. Ky. 2016). The Court will therefore direct that this document be filed in the correct case.

## II

Clark's complaint sets forth eight claims. [R. 1-1 at 9-11] The Court will discuss each in turn.

First, Clark contends that the failure of unidentified officers to provide him with administrative remedy forms constitutes an obstruction of justice and violated his rights to due process, equal protection under the law, and right to seek redress for grievances. [R. 1-1 at 9] However, Clark does not attribute this conduct to any defendant named in the complaint. Having failed to allege that any defendant was "personally involved in the alleged deprivation of federal rights," this claim must be dismissed for failure to state a claim. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). In addition, there is no constitutional right to an available or effective grievance procedure at all. *Argue v. Hoffmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) ("[T]here is no inherent constitutional right to an effective prison grievance procedure.") (citing *Hewitt v. Helms*, 459 U.S. 460, 467 (1983)).

Clark next claims that unidentified officers violated BOP Program Statement § 3420.11, which prohibits staff from subjecting inmates to intimidation, harassment, or demeaning or humiliating conditions. As before, Clark does not identify an officers who allegedly violated this provision, and does not explain what conduct constituted the harassment or humiliation about which he complains. Clark might be referring to the forcible removal of his sweat pants, but federal notice pleading rules do not require a defendant to guess the factual basis for a plaintiff's claim. Regardless, this claim fails because BOP Program Statements do not carry the force of law; they are merely internal agency documents used to interpret federal statutes and regulations. *Reno v. Koray*, 515 U.S. 50 (1995). In addition, any embarrassment or humiliation Clark suffered would

be insufficient to state a claim because he makes no allegation that he suffered physical injury as a direct result of that conduct. 42 U.S.C. § 1997e(e).

Clark's third claim asserts without explanation that "the officers" violated his right to be free from cruel and unusual punishment in violation of the Eighth Amendment and his right to equal protection under the law pursuant to the Fourteenth Amendment. However, Federal Rule of Civil Procedure 8 requires a plaintiff to set forth in his complaint sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Here, Clark fails to explain how his constitutional rights were violated and by whom, and his "formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements."). His equal protection claim necessarily fails to state a claim as he makes no allegation anywhere in his complaint that he was discriminated against or treated differently than *anyone* else similarly situated. The only Eighth Amendment claim even suggested by his factual allegations relates to the application of a use-of-force team to remove him from his cell in segregation. [R. 1-1 at 4-6] But Clark did not name any members of that team as defendants in his complaint. And the allegations regarding Lt. Mullins, who merely made a video recording of the use of force by the team and then cut Clark's sweat pants with scissors to remove them from his body, manifestly fail to state a claim under the Eighth Amendment.

Clark's sixth claim, which asserts only that "[a]n assault has been committed in violation of the Fourth Amendment...," fails for the same reasons stated immediately above. Additionally, it is well-established that "[a]fter conviction, the Eighth Amendment 'serves as the primary source of substantive protection ... in cases ... where the deliberate use of force is challenged as excessive

4

and unjustified.'" *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989). Thus, the Sixth Circuit holds the Eighth Amendment, not the Fourth Amendment, provides the sole basis for such a claim by a convicted inmate. *Cornwell v. Dahlberg*, 963 F. 3d 912, 915 (6th Cir. 1992). The sixth claim is therefore essentially duplicative of the third claim, and is subject to dismissal on the same grounds.

The fourth claim contends that the loss of Clark's headphones, digital music player, handmade hat, sweat pants, sweat shirt, and athletic shoes violated his due process rights under the Fourth, Fifth, and Fourteenth Amendments. Clark's fifth "claim" merely asserts that the Seventh Amendment entitles him to trial by jury on his fourth claim. Because Clark's claims are based solely on the conduct of federal rather than state officials, the due process clause of only the Fifth, not the Fourteenth, Amendment is applicable here.

As a threshold matter, Clark's complaint only suggests that he was intentionally "deprived" of two of the six items – the digital music player allegedly confiscated by Counselor Day and the sweat pants destroyed by Lt. Mullins after Clark refused direct and repeated orders to remove them. With respect to the four other items which were apparently lost or misplaced by BOP staff, mere negligence by government officials resulting in the loss of an inmate's property is not sufficient to state a viable claim for a violation of due process rights. *Daniels v. Williams*, 474 U.S. 327, 330-32 (1986) (overruling in part *Parratt v. Taylor*, 451 U.S. 527 (1981)). With respect to the two items that Clark alleges were confiscated or destroyed, the requirements of due process are satisfied even for intentional deprivations of property where there are adequate post-deprivation remedies available to compensate the inmate. *Hudson v. Palmer*, 468 U.S. 517, 531-34 (1984). The BOP's administrative remedy program, the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80, and state tort law can provide such adequate remedies. Cf. *Bowens v. U.S.*

5

*Dept. of Justice*, 415 F. App'x 340, 344 (3d Cir. 2011); *Tsosie v. Dunbar*, 504 F. App'x 75, 78 (3d Cir. 2012); *Wolff v. Hood*, 242 F. Supp. 2d 811, 818 (D. Or. 2002). See also 31 U.S.C. § 3723.

Clark's seventh and eighth claims contend that his placement in administrative segregation for six weeks amounted to an unreasonable search and seizure in violation of the Fourth Amendment and cruel and unusual punishment in violation of the Eighth Amendment. Clark alleges that while in segregation he was denied "appropriate" access to the law library, could only make one phone call per month, and was permitted only no-physical-contact visits with family.

The Fourth Amendment protects against unreasonable searches and seizures. However, in the context of prisoner placement in segregation, the scope of that right is considered co-extensive with the protections afforded by the Due Process Clause, and an inmate should only be considered "seized" under the Fourth Amendment if the placement in segregation "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" as set forth in *Sandin v. Conner*, 515, U.S. 472, 484 (1995). *Leslie v. Doyle*, 125 F. 3d 1132, 1135-37 (7th Cir. 1997); see also *Ortega v. U.S. Immigration and Customs Enforcement*, 737 F. 3d 435, 441 (6th Cir. 2013) (citing *Leslie*). Here, Clark was placed in administrative segregation for six weeks with only limited access to the law library and contact with family. Such conditions fall far short of the more severe deprivations found to be cognizable under the Due Process Clause. Cf. *Joseph v. Curtin*, 410 F. App'x 865, 868 (6th Cir. 2010); *Siddiq v. Edlund*, 8 F. App'x 522, 524 (6th Cir. 2001). See also *Weatherspoon v. Woods*, No. No. 16-1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 52-30 (1984)).

For its part, the Eighth Amendment "does not mandate comfortable prisons," but only requires prison officials to provide inmates with "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981). Clark's placement in

6

administrative segregation, and the resulting minimal intrusion upon the broader freedoms he enjoyed in the general population, did not deprive him of any of life's necessities to state a viable claim under the Eighth Amendment. Cf. *Harden-Bey v. Rutter*, 524 F. 3d 789, 795-96 (6th Cir. 2008); *Colgrove v. Williams*, 105 F. App'x 537, 538 (5th Cir. 2004).[2]

Accordingly, **IT IS ORDERED** that:

1. The Clerk of the Court shall file the document docketed as "Notice of Filing Administrative Remedy BP-9" [R. 15] in the correct case, *Clark v. United States*, No. 6: 16-CV-252-GFVT (E.D. Ky. 2016), and shall remove it from the docket in this action.

2. Clark's complaint [R. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter a judgment contemporaneously with this order.

4. This matter is **STRICKEN** from the docket.

Entered: April 30, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

---

[2] Two final matters must be noted. Clark named Warden Ormond, Officer Brown, and Officer Marcum as defendants in this action, but he made no substantive allegations against any of them in the body of his complaint. Any claims against these defendants must therefore be dismissed. In addition, in his complaint Clark referred to a tort claim he filed with the BOP. [R. 1-1 at 8] However, while Clark expressly referenced a dozen or more federal statutes and constitutional amendments as the basis for his claims [R. 1-1 at 1-2], the FTCA was not among them. More fundamentally, Clark failed to name the United States as a defendant. Because "the United States is the only proper defendant in a suit alleging negligence by a federal employee" under the FTCA, *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir.1990), Clark's complaint does not assert a claim under that statute.